IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN A. SMITH,                         :
                                       :
         Petitioner                    :
                                       :
    v.                                 :   CIVIL NO. 3:CV-18-34
                                       :
WARDEN, USP CANAAN,                    :   (Judge Conaboy)
                                       :
         Respondent                    :
_____

**MEMORANDUM**
**Background**

John A. Smith filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania while confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan). Named as Respondent is the USP-Canaan Warden. The Western District previously granted Petitioner leave to proceed in forma pauperis and transferred his action to this Court.

Petitioner states that he is serving a sentence imposed by the United States District Court for the Northern District of Ohio. Smith claims that after completing a drug abuse rehabilitation program at USP-Canaan he was improperly denied a one year reduction of his sentence. The Petitioner also asserts that his due process rights were denied during an institutional disciplinary hearing which resulted in a loss of good conduct

1

time. Finally, Smith alleges that his request under the Interstate Agreement on Detainers was improperly denied which precluded his eligibility to participate in a half-way house program. Based upon the nature of his claims, Petitioner is challenging the manner in which his federal sentence is being executed.

On August 27, 2018, Respondent filed a "Notice of Suggestion of Mootness" stating that Smith was released from BOP custody on August 17, 2018. See Doc. 13, p. 1. Consequently, Respondent seeks dismissal of the petition since the habeas corpus issues raised by Petitioner are moot.

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Smith's claims of denial of due process and an

2

inproper sentence reduction by the BOP impacted the length of his imprisonment, this matter was properly raised under § 2241.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey v. Marberry, 556 F.3d 142, 147 (3d

3

Cir. Feb. 18, 2009). in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Id. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

Smith claims asserted that he was improperly denied a one year sentence reduction after completing an institutional drug abuse program and suffered an improper loss of good conduct time and was denied halfway house placement. Respondent has notified the Court that Petitioner was released from BOP custody on August 17, 2018.

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also Vela v. Zickefoose, Civ. No.

4

3:14-2138, 2016 WL 1238039 * 6 (M.D. Pa. Feb. 22, 2016)(a habeas claim regarding sentence credit calculation mooted where petitioner released from sentence he is serving). Williams v. Sherman, 214 Fed. Appx. 264, 266 (3d Cir. 2007)(a term of supervised release cannot be reduced by reason of excess time served in prison).

    Petitioner has not shown that he is suffering any collateral consequences as required under Spencer, Vela, and Williams stemming from the alleged prior failure of federal officials to properly execute his sentence. As noted in Williams, the type of habeas claims asserted herein is mooted once a federal inmate is released from imprisonment.

    Since Smith was released from federal custody on August 17, 2018, under the principles set forth in Steffel, his claims of improper denial of a one year sentence reduction and loss of good conduct time and halfway house placement are subject to dismissal as moot since they no longer presents an existing case or controversy.

    An appropriate Order will enter.

                                  S/Richard P. Conaboy
                                  RICHARD P. CONABOY
                                  United States District Judge

DATED: SEPTEMBER 14, 2018